# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

TIMOTHY WINDERS, SR.
ADC #144381                                                                    PLAINTIFF

V.                             3:09CV00097 JTR

ZANE BOYD, Administrator; and
MANDY CHILDRESS, Nurse,
Crittenden County Detention Center                                             DEFENDANTS

## ORDER OF DISMISSAL[1]

### I. Introduction

Plaintiff, Timothy Winders, Sr., who is now a prisoner in the Arkansas Department of Correction, alleges in this *pro se* § 1983 action that Defendants, Jail Administrator Zane Boyd and Nurse Mandy Childress, failed to provide him with adequate medical care and subjected him to inhumane conditions of confinement while he was confined in the Crittenden County Detention Center ("CCDC").

Defendants have filed a Motion for Summary Judgment, a Brief in Support, and a Statement of Indisputable Material Facts. *See* docket entries #24, #25, and #26. Plaintiff has not filed a Response or a Statement of Disputed Facts, and the time for doing so has expired.[2] Accordingly, the facts set forth in Defendants' summary judgment papers are deemed admitted, pursuant to Local

---

[1] On August 31, 2009, the parties consented to proceed before a United States Magistrate Judge. *See* docket entry #21.

[2] On January 7, 2010, the Court issued an Order directing Plaintiff to file a Response to Defendants' Motion for Summary Judgment and a Statement of Disputed Facts. *See* docket entry #27. Importantly, the Court advised Plaintiff that if he failed to do so, the facts set forth in Defendants' summary judgment papers would be deemed admitted, pursuant to Local Rul 56.1(c). *Id.*

Rule 56.1(c).

## II. Discussion

**A.  Admitted Facts**

Plaintiff, who suffers from seizures and depression, began his confinement at the CCDC on February 5, 2009. *See* docket entry #26. Soon thereafter, Dr. Shrader, who is *not* a Defendant in this action, prescribed Dilantin for Plaintiff's seizures and Celexa for his depression. *Id.* In April of 2009, Dr. Shrader changed Plaintiff's prescription for Celexa to Elavil.

On June 8, 2009, Plaintiff told Defendant Childress that he should be receiving Dilantin three times a day, rather than twice a day. *Id.* Defendant Childress confirmed that Dr. Shrader had prescribed Dilantin for Plaintiff, twice a day. *Id.*

On the morning of June 9, 2009, Plaintiff told Defendant Childress that he was hearing voices and that he was having suicidal and homicidal thoughts. *See* docket entry #26. Defendant Childress immediately placed Plaintiff on suicide watch. *Id.* The parties agree that Plaintiff was forced to wear a "tamper-resistant suicide smock" while on suicide watch. *Id.* at ¶ 25. However, Plaintiff also *alleges* that he did not have a mattress or blanket, and was not allowed to shower or leave his cell. *See* docket entry #2. Defendants do not admit or deny this allegation. *See* docket entries #25 at 12; docket #26. Dr. Shrader released Plaintiff from suicide watch on the evening of June 12, 2009. *See* docket entry #26.

On June 18, 2009, Dr. Shrader prescribed Haldol injections for Plaintiff. *See* docket entry #26. Plaintiff was transported to the ADC on July 8, 2009. *Id.*

**B.  Inadequate Medical Care Claim**

Defendants argue that they are entitled to judgment, as a matter of law, on Plaintiff's

inadequate medical care claim. *See* docket entry #24, #25, and #26.

To succeed on an inadequate medical care claim, a prisoner must prove that: (1) he had an objectively serious medical need; and (2) prison officials subjectively knew of, but deliberately disregarded, that serious medical need.[3] *Estelle v. Gamble,* 429 U.S. 97 (1976); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Moreover, negligence, gross negligence, or a mere disagreement with the treatment decisions does not rise to the level of a constitutional violation. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006)*; Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995).

The *unrefutted* medical records demonstrate that, while Plaintiff was confined in the CCDC, he was given various medications to treat his seizures and depression. It is also *unrefutted* that Defendant Childress promptly responded to Plaintiff's medical complaints by: (1) confirming that he was receiving the proper dosage of Dilantin; and (2) placing him on suicide watch when he reported suicidal and homicidal thoughts. Thus, it is clear that she was not deliberately indifferent to Plaintiff's serious medical needs. *See Logan v. Clarke*, 119 F.3d 647, 649-50 (8th Cir. 1997) (finding that prison doctors were not deliberately indifferent when they treated the prisoner on "numerous occasions" and "made efforts to cure the problem in a reasonable and sensible manner"); *see Kayser v. Caspari,* 16 F.3d 280, 281 (8th Cir. 1994) (finding no deliberate indifference when the defendants did not ignore the prisoner's allegations and provided him with "an escalating level of

---

[3] The Fourteenth Amendment applies to a pretrial detainee's inadequate medical care claims, while the Eighth Amendment applies to the same claim brought by a convicted prisoner. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). It is unclear when Plaintiff ceased being a pretrial detainee and became a convicted prisoner. Nevertheless, the Court can rule on the summary judgment motion because the legal analysis is the same under either constitutional amendment. *See Vaughn v. Greene County, Ari.*, 438 F.3d 845, 850 (8th Cir. 2006).

treatment for [his] aliments over time").

Plaintiff's only claim against Defendant Boyd is that he denied a June 8, 2009 grievance in which Plaintiff claimed that he was not receiving the proper dosage of Dilantin. *See* docket entry #2. However, the *unrefutted* evidence demonstrates that Defendant Boyd forwarded that grievance to Defendant Childress for resolution. *See* docket entry #26, Ex. A at 10.

It is well settled that a supervisor may not be held vicariously liable, in a § 1983 action, for the allegedly inadequate medical care rendered by a subordinate. *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990). Additionally, the Eighth Circuit has held that prison supervisors, who lack medical expertise, cannot be held liable for decisions made by medically trained prison staff. *See, e.g., Drake ex rel Cotton v. Koss*, 445 F.3d 1038, 1042-43 (8th Cir. 2006) (holding that jailers could not be held liable for a psychiatrist's determination that a pretrial detainee was not suicidal); *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (holding that a prison medical director could not be held liable for refusing to override a prison doctor's decision). Thus, the Court concludes that Defendants Childress and Boyd are entitled to judgment, as a matter of law, on Plaintiff's inadequate medical care claims.

## C. Conditions of Confinement

Defendants also argue that they are entitled to judgment, as a matter of law, on Plaintiff's claim that he was subjected to inhumane conditions of confinement while he was on suicide watch for four days. *See* docket entry #24, #25, and #26.

The Constitution "does not mandate comfortable prisons" or that prisons be "free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). The United States Supreme Court has also emphasized that only "extreme deprivations" that deny "the minimal civilized measure of life's

necessities are sufficiently grave to form the basis" of a constitutional violation. *Hudson v. McMillian,* 503 U.S. 1, 9 (1992).

In order to prevail on a conditions-of-confinement claim, a plaintiff must prove that: (1) objectively, the deprivation was sufficiently serious to deprive them of the minimal civilized measures of life's necessities, or to constitute a substantial risk of serious harm to his health or safety; and (2) the defendants were deliberately indifferent to the risk of harm posed by the deprivation.[4] *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004); *Smith v. Copeland*, 87 F.3d 265, 267-68 (8th Cir. 1996).

It is undisputed that, after Plaintiff called to Defendant Childress's attention that he was having suicidal thoughts, Plaintiff was required to wear a tamper-resistant gown while on suicide watch. However, it was necessary for Plaintiff to wear this gown to prevent him from harming himself and wearing that gown did not create a substantial risk of serious harm to his health or safety.

Finally, Plaintiff alleges that, *for four days* while he was on suicide watch, he did not have a mattress or blanket, and that he was not allowed to shower or leave his cell.[5] However, the Eighth Circuit has held that similar conditions of confinement fail to rise to the level of a constitutional violation. *See, e.g., O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996)

---

[4] The legal analysis is the same regardless of whether the conditions of confinement claim is raised by a pretrial detainee, under the Fourteenth Amendment, or a convicted prisoner, under the Eighth Amendment. *See Butler v. Fletcher,* 465 F.3d 340, 345 (8th Cir. 2006).

[5] Plaintiff contends that, while he was on suicide watch, Defendant Childress cursed him. *See* docket entry #2. However, it is well settled that cursing, verbal abuse, and threatening language do not amount to a constitutional violation. *See McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir. 1993); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992).

(finding no constitutional violation where a prisoner went four days without underwear, blankets, a mattress, exercise, and visitation); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (finding no constitutional violation were a prisoner went four days without clothes, a mattress, running water, bedding, mail, hot food, and hygienic supplies). Additionally, several courts have recognized that deference should be given to prison officials when a prisoner's privileges are limited to prevent him from harming himself or others. *See Daniels v. Woodside*, 396 F.3d 730, 735 (6th Cir. 2005) (finding no constitutional violation where a pretrial detainee was denied a shower and hygiene supplies while on suicide watch for an unspecified period of time because those measures were taken to "secure [the detainee's] well-being" and "in furtherance of the jail staff's legitimate and non-punitive purpose of preventing [the detainee's] suicide or injury"); *Conway v. Henze*, Case No. 00-2344, 2001 WL 747561 (7th Cir. Jun. 29, 2001) (unpublished decision) (holding that limiting a pretrial detainee's privileges, while on suicide watch, was a "legitimate response to his suicidal behavior" and not a constitutional violation). Accordingly, the Court also concludes that Defendants are entitled to judgment, as a matter of law, on Plaintiff's conditions of confinement claim.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Defendants' Motion for Summary Judgment (docket entry #24) is GRANTED, and this case is DISMISSED, WITH PREJUDICE.

2. The Court CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

Dated this 12th day of February, 2010.

                                                                                                 _/s/ A. Thomas Ray_____
                                                                                                 UNITED STATES MAGISTRATE JUDGE